IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RODRIGUEZ LUNA DACIO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. CIV-20-1231-JD |
| ) | |
| **WILLIAM BARR, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## REPORT AND RECOMMENDATION

Petitioner Rodriguez Luna Dacio, an immigration detainee in the custody of the federal government, brings this action under 28 U.S.C. § 2241, alleging United States Immigration and Customs Enforcement (ICE) officials are detaining him unlawfully. (Doc. 1).[1] Appearing *pro s*e,[2] he seeks immediate release from the Moore Detention Facility in Okmulgee, Oklahoma – an ICE detention facility located within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b).

United States District Judge Jodi Dishman has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). After a review of the petition and the applicable law, the court

---

[1] Citations to a court document are to its electronic case filing designation and pagination.

[2] The court construes Plaintiff's *pro se* filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

recommends transferring this matter to the United States District Court for the Eastern District of Oklahoma because Petitioner filed his case in the wrong court.[3]

## I. Discussion.

Petitioner states that Respondent William Barr "is responsible for the administration of ICE" and "has ultimate custodial authority over Petitioner." (Doc 1 at 3). He identifies Respondent Chad Wolf as the Secretary of the Department of Homeland Security and as his "legal custodian." (*Id*. at 3-4). He also identifies as his "immediate custodian" Respondent Daniel Biblia, whom he states is the "Office Director of the San Antonio Field Office of ICE."[4] (*Id*. at 4) Finally, he names "Respondent Warden of Okmulgee County Jail [D]etention" where Petitioner is "currently detained" as his "alternative[]" immediate custodian. (*Id*.) But "in habeas challenges to present physical confinement – core challenges – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (internal quotation marks omitted). Thus, the location of Petitioner's "immediate" custodian, who is the warden of the Moore Detention Facility, determines the proper forum for this action. *See id.* at 436

---

[3] Petitioner has neither paid the $5.00 filing fee to open a case nor applied to proceed without prepayment of fees. *See* LCvR3.2, 3.5. Upon the recommended transfer of this matter, Petitioner is advised to pay his filing fee or to apply to proceed without prepayment of fees to the United States District Court for the Eastern District of Oklahoma.

[4] Petitioner lists "Daniel Biblia . . . Office Director of the San Antonio Field Office of ICE," as a Respondent in the text of his Petition. (Doc. 1 at 4). Petitioner lists "U.S. ICE Field Office Director for the Alex Hudson Field Office," but not Daniel Biblia, as a Respondent in the caption of his petition. (*Id.* at 1). This inconsistency may need to be addressed upon transfer of the petition.

(holding "the immediate custodian rule" generally applies "to habeas petitions challenging physical custody"). That Petitioner is not a convicted prisoner is not relevant here. *See id.* at 439 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction.").

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court interprets this language to require "that the court issuing the writ have jurisdiction over the custodian." *Padilla*, 542 U.S. at 442 (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). Thus, jurisdiction over Petitioner's habeas petition lies in this district "only if [this court] has jurisdiction over" the warden of the Moore Detention Facility located in Okmulgee, Oklahoma. *Id.* It does not. *See id.* ("[W]ith respect to habeas petitions designed to relieve an individual from oppressive confinement, the traditional rule has always been that the Great Writ is issuable only in the **district of confinement**." (internal quotation marks omitted) (emphasis added)).

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Okmulgee, Oklahoma, is in Okmulgee County, Oklahoma,[5] which lies within the jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See id.* § 116(b). Because Petitioner

---

[5] The court judicially notes the location of Okmulgee. Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial.").

is not confined in the Western District, this court lacks jurisdiction to grant Petitioner habeas relief. *See Padilla*, 542 U.S. at 443 ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.[6] The petition could have been brought in the Eastern District of Oklahoma, where jurisdiction lies. The court concludes it is "in the interest of justice" to transfer this action, and thus is required to do so. *Id*.

## II.  Recommendation and notice of right to object.

This court lacks jurisdiction to grant Petitioner habeas corpus relief. The court therefore recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

**The court advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before January 5, 2021,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The court further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to

---

[6] "[T]he action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . ." this court. *Id*.

appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 15th day of December, 2020.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE